# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16-cr-322 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LENELLE GRAY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Lenelle Gray ("Gray") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 18 ["Mot."].) Plaintiff United States of America (the "government") opposes the motion (Doc. No. 19 ["Opp'n]), and Gray has filed a reply. (Doc. No. 20 (styled "Motion to Traverse Government's Motion in Opposition to Motion to Vacate" ["Reply"].)[1] In connection with his motion to vacate, Gray seeks an evidentiary hearing. (Doc. No. 23 (Motion Requesting an Evidentiary Hearing ["Mot. Hearing"]).) For the reasons that follow, Gray is not entitled to an evidentiary hearing and the motion to vacate is DENIED.

## I. BACKGROUND

On October 13, 2016, Gray was charged by indictment with one count of being a felon in possession of firearms and ammunition in violation of 18 U.S.C. § 922(g)(1). (Doc. No. 1 (Indictment ["Ind."]).) Specifically, the indictment charged that Gray was in possession of

---

[1] Gray also filed a second reply styled "Answer and Response to Government's Response Motion Pertaining to 28 U.S.C. § 2255." (Doc. No. 22 ["Sec. Reply"].) Though unsanctioned, the Court has considered this filing, as well.

firearms and ammunition having been previously convicted of two felony drug crimes and a felony weapons offense. (Ind. at 1–2[2].) On February 2, 2017, pursuant to a plea agreement, Gray entered a plea of guilty to the charge in the indictment. (2/2/2017 Minutes of Proceedings; Doc. No. 11 (Plea Agreement ["PA"]).) The plea agreement contained a recitation of the relevant facts surrounding the § 922(g) charge. Pertinent to the present motion, the plea agreement contained the following stipulation:

> Defendant has been previously convicted of crimes punishable by imprisonment for a term exceeding one year, those being: Possession with Intent to Distribute Cocaine Base, Possession with Intent to Distribute Cocaine Base, and Using a Firearm During and in Relation to a Drug Trafficking Crime, all in Case No. 1:05CR143, in the United States District Court, Northern District of Ohio, Eastern Division, on or about September 8, 2005.

(PA ¶ 20(b).) Gray signed the plea agreement and initialed each page. (*See generally id*.)

During the change of plea hearing on February 2, 2017, in which Gray appeared with his counsel, the Court conducted its standard colloquy with Gray in compliance with Rule 11 of the Federal Rules of Criminal Procedure. The Court reviewed with Gray the terms of the plea agreement and specifically addressed the constitutional rights Gray was forfeiting by entering a guilty plea, the charge in the indictment, the statutory penalties associated with that charge, the application of the sentencing guidelines and possible enhancements, and the elements of the charged offense. As to each, Gray stated he understood and was prepared to enter a plea of guilty to the charge in the indictment. The Court also reviewed with Gray the statement of facts set forth in the plea agreement, including the facts relating to his prior convictions, and Gray indicated that he understood and that he was guilty of being a felon in possession. At the conclusion of the plea colloquy, the Court accepted Gray's plea as having been made knowingly,

---

[2] All page numbers refer to the page identification number generated by the Court's electronic docketing system.

intelligently, and voluntarily with the advice of counsel.

On May 19, 2017, the Court sentenced Gray to a term of imprisonment of 37 months on the felon in possession charge, to run consecutive to a 12 month sentence on the supervised release violation in Case No. 1:05-cr-143, for an aggregate term of 49 months. (5/19/2017 Minutes of Proceedings; Doc. No. 17 (Judgement).)

Gray did not take a direct appeal. Instead, on February 28, 2020, more than two and one half years after the Court entered final judgment, Gray filed the present § 2255 motion.[3] Citing the Supreme Court's decision in *Rehaif v. United States*, --U.S.--, 139 S. Ct. 2191, 204 L. Ed. 2d 594 (2019), Gray insists that his Fifth and Sixth Amendment rights were violated when the government "charg[ed] and convict[ed] him of a crime of [§] 922(g)(1) without proving all the elements of [§] 922(g), specifically [his] status." (Mot. at 112.) According to Gray, "[i]t is a criminal act to know your prohibited status and still engage in such conduct but when [a] petitioner does not know his actual status then he has not broken the law, because the statute requires actual knowledge, not should have known or even strongly suspected, but actual knowledge." (*Id*. at 113.)

The government argues that Gray's *Rehaif* claim is procedurally defaulted and, in any event, it fails on the merits. (Opp'n at 117.) Additionally, the government posits that Gray's

---

[3] Though styled a writ of habeas corpus under 28 U.S.C. § 2241, the parties agree that the motion is properly construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

"actual innocence" claim is meritless. (*Id.*)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

A criminal defendant may not utilize a § 2255 motion as a substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) ("An application under § 2255 . . . should not be considered a substitute for direct appeal."); *see Brecht v. Abrahamson*, 507 U.S. 619, 637–38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). To assert a claim not raised on direct appeal, a petitioner ordinarily must show cause for the default and prejudice. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1064, 140 L. Ed. 2d 828 (1998); *United States v. Frady*, 456 U.S. 1584, 1603–04, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1998).

A petitioner who entered a guilty plea must show an error of constitutional magnitude that had a substantial and injurious effect or influence on the proceedings. *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Abrahamson*, 507 U.S. at 637). Therefore, a court may only grant relief under § 2255 if the petitioner demonstrates "'a fundamental defect

which inherently results in a complete miscarriage of justice.'" *Id.* at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

When a petitioner challenges the validity of a plea, the representations of the petitioner, his lawyer, the prosecutor, and the judge "constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 52 L. Ed. 2d 136 (1977). Such "[s]olemn declarations in open court carry a strong presumption of verity." *Id*. Subsequently-presented conclusory allegations that fly in the face of the record are subject to summary dismissal. *Id*.

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.")

(citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The undisputed facts in the record demonstrate that Gray's § 2255 motion—filed more than one year after his sentence became final—is time-barred under the governing statute. Further, the Court finds that the uncontradicted record conclusively shows that Gray is entitled to no relief. Accordingly, Gray's motion for an evidentiary hearing is DENIED.[4]

### III. GRAY'S § 2255 MOTION IS TIME-BARRED

The Anti-Terrorism and Effective Death Penalty Act (ADEPA) "provides a one-year statute of limitations for filing a federal habeas petition." *Cleveland v. Bradshaw*, 693 F.3d 626, 631 (6th Cir. 2012). Specifically, a prisoner must file his § 2255 motion within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[4] In his second reply, Gray seems to suggest that the issues raised in his § 2255 motion can be resolved without the need to conduct an evidentiary hearing. (Sec. Reply at 131 ["[Gray] also would like to express to the Court that he doesn't feel that at this point in the case that an evidentiary hearing will be needed or appropriate."].) To the extent Gray has not withdrawn his motion for a hearing, for the reasons previously stated, the motion is denied.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, the judgment of conviction was entered on May 19, 2017. Because Gray did not appeal his conviction or sentence, the one-year statute of limitations period began to run 14 days later. *See Johnson v. United States*, 457 F. App'x 462, 465 (6th Cir. 2012); *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004); Fed. R. App. P. 4(b)(1). Gray was required to file his § 2255 motion by June 1, 2018. Instead, he filed the instant motion on February 28, 2020, almost two years after the statutory limitations period expired. Accordingly, the motion is not timely under § 2255(f)(1).

Gray does not identify an impediment created by the government or new facts supporting a claim that were subsequently discovered through the exercise of due diligence to justify the delay in filing the present § 2255 motion. *See* § 2255(f)(2), (4). He does, however, cite the Supreme Court's decision in *Rehaif*, which was issued on June 21, 2019, and his § 2255 motion was filed within one year of that decision.

In *Rehaif*, the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew that he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. The Sixth Circuit has recently held that the "rule stated in *Rehaif* is a matter of statutory interpretation, not a 'new rule of constitutional law.'" *Khamisi-El v. United States*, 800 F. App'x 344, 349 (6th Cir. 2020) (citation omitted). Courts throughout this circuit

7

have likewise recognized that *Rehaif* does not apply retroactively to cases on collateral appeal. *See Swindle v. United States*, No. 1:17-cr-158, 2020 WL 3167012, at *1 (W.D. Mich. June 15, 2020) (collecting cases); *United States v. Saunders*, No. 1:17-cr-511, 2020 WL 3447819, at *2 (N.D. Ohio June 23, 2020) (similar). Circuit courts are in accord. *See In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) ("*Rehaif* . . . did not announce a new rule of constitutional law" made retroactive to cases on collateral review) (quotation marks and citations omitted); *In re Sampson*, 954 F.3d 159, 161 (3d Cir. 2020) ("*Rehaif* did not state a rule of constitutional law at all.") Accordingly, because *Rehaif* does not apply retroactively to cases on collateral review, the time frame set forth under 28 U.S.C. § 2255(f)(3) does not apply and Gray's motion is time-barred.

### IV. GRAY'S CLAIMS ARE PROCEDURALLY BARRED

Even if Gray had timely filed this motion, his claim(s) would be procedurally defaulted because Gray failed to raise this issue on appeal. As previously observed, issues not raised on appeal are procedurally defaulted and "may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003). Gray did not appeal his conviction and, thus, did not raise the objection on direct appeal that he lacked knowledge of his status as being in a category of individuals prohibited from owning or possessing a weapon.[5]  *See United States v. Wooden*, 945

---

[5] As the Sixth Circuit in *Wooden* observed, while *Rehaif* was not issued until June 21, 2019, even well before then, the issue of whether knowledge of prohibited status was an element of being a felon in possession of a firearm charge "was at the forefront of the relevant legal landscape." *Wooden*, 945 F.3d at 506. In fact, this issue had been "percolating in the courts for years". *United States v. Bryant*, No. 11-cr-765, 2020 WL 353424, at *3 (E.D.N.Y. Jan. 21, 2020).

F.3d 498, 506 (6th Cir. 2019) (finding that raising this objection in petitioner's opening brief on direct appeal would not have been futile and that the objection was not unavailable to the petitioner even though the decision was issued after petitioner appealed); *see also Blousley*, 523 U.S. at 622 ("[F]utility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (internal quotation marks and citations omitted)). Gray's claim, therefore, is procedurally defaulted.

A court may excuse a procedural default and consider a claim on its merits if a petitioner can make a threshold showing that he was "actually innocent," *Smith v. Murray*, 477 U.S. 527, 537, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)—that it was "more likely than not that no reasonable juror would have convicted him" had the jury been properly instructed and the parties been given the opportunity to present the relevant evidence. *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995). Gray argues that he is actually innocent of a § 922(g) violation "due to the fact that he lacked the actual knowledge" and "furthermore the government failed to establish that [he] knew of his status . . . ." (Mot. at 113.)

Gray's claim of actual innocence is meritless. Here, Gray chose to plead guilty to the offense, relieving the government of its obligation to prove that he knew that he belonged to the relevant category of persons barred from possessing a firearm. "A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce*, 488 U.S. 563, 569, 109 S. Ct. 757, 102 L. Ed. 2d 927 (1989). Gray also stipulated to his prior felony convictions in the offense conduct section of both the plea agreement and the final presentence investigation report ("PSR"). (PA ¶ 20(b); Doc. No. 13 (PSR) ¶¶ 4, 6.); *see also United States v. Conley*, 802 F.

App'x 919, 923 (6th Cir. 2020) ("Although the stipulation of a prior felony does not automatically establish knowledge of felony status, it is strongly suggestive of it."); *Malone v. United States*, 1:14-cr-438, 2019 WL 7049805, at *3 (N.D. Ohio Dec. 23, 2019) ("*Rehaif* is inapplicable to Petitioner because whereas Rehaif was convicted by a jury, Petitioner pleaded guilty to his offense.") Gray was advised of the consequences of his guilty plea by the Court and counsel and stated under oath that he understood his decision. The record reflects his guilty plea was knowing and voluntary. Having waived his right to hold the government to its burden of proof, he cannot complain the evidence against him would have been insufficient.[6]

Finally, Gray does not appear to claim he was unaware of his multiple prior felony convictions, or that he was unaware that he possessed firearms, rather he only states that the government failed to prove these elements.[7] (Mot. at 113; Reply at 122, 123-24; Sec. Reply at 130.) Even if true, Gray's knowledge of the ramifications of his felony convictions is irrelevant to his subsequent guilty plea § 922(g) conviction. The law simply does not require that Gray

---

[6] Additionally, Gray waived the right in his plea agreement to bring such a claim in a § 2255 motion. When a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his sentence, he is precluded from doing so later. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). A waiver in a plea agreement is generally considered knowing and voluntary if a defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement terms. *Id*. In this case, Gray's plea agreement contained a waiver provision that specifically provided that, except for limited exceptions not applicable here, he would not "challenge the conviction or sentence collaterally through a post-conviction proceeding, including a proceeding under 28 U.S.C. § 28 U.S.C. § 2255." (PA ¶ 18.) Gray does not challenge the validity of the actual waiver, suggest that he did not understand the waiver, or claim that he did not sign it voluntarily. Accordingly because Gray is not attacking the validity of the agreement (or the plea, itself), and because he expressly waived the right to collaterally attack his conviction except for claims not relevant to the present motion, his claim is barred by the knowing and voluntary waiver contained in the binding plea agreement. *See Davila*, 258 F.3d at 451.

[7] To the extent Gray *is* claiming that he was unaware that he was a convicted felon, the argument is also without merit. The record is clear that before possessing the firearms and ammunition in 2016, Gray served approximately 10 years in federal prison on his felony drugs and weapon convictions in Case No. 1:05-cr-143. Further, he admits that "[i]t is a fact that [Gray] served 10 years in prison for those crimes[.]" (Reply at 123.) Also, he was on supervised release in the 2005 case when he was arrested on the present charge and is serving time for his supervised release violation. Based on these undisputed facts, a reasonable juror would likely find he was aware of his status as a felon and, thus, he would not have been able to make a threshold showing of actual innocence.

knew his possession of a firearm was unlawful. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) ("*Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he were unaware of this provision of the United States Code."); *Matthews v. United States*, No. 19-2091, 2020 WL 2614619 (6th Cir. Jan. 6, 2020) (government is not required to prove defendant knew he was prohibited from possessing firearms to obtain § 922(g) conviction after *Rehaif*).

Accordingly, Gray's motion is time-barred and his claims are procedurally defaulted. He is, therefore, not entitled to relief under 28 U.S.C. § 2255.

## V. CONCLUSION

For the foregoing reasons, the motion of defendant Lenelle Gray to vacate, set aside, or correct his sentence (Doc. No. 18) is DENIED, and this case is dismissed. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.


Dated: April 19, 2021

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**